## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **Delaney B. Dominiak**<br>701 Greene Street<br>P.O. Box 558<br>Newport, OH 45768<br><br>           Plaintiff,<br><br>v.<br><br>**Traymark LLC**<br>310 1st Street SW Suite 1200<br>Roanoke, VA 24011<br>      and<br>Andrew Goldstein, Registered Agent<br>c/o Magee Goldstein Lasky & Sayers<br>114 Market St. SE, Suite 210<br>Roanoke, VA 24011<br><br>and<br><br>**Danny G. Stephens**<br>1360 Left Fork Bull Creek<br>Prestonburg, KY 41653<br><br>           Defendants. | Case No.: 2:22-CV-1791<br><br>Judge<br><br>**COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON** |

Delaney B. Dominiak, by and through the undersigned counsel, files the following complaint.

### OVERVIEW

On November 27, 2020, at about 9:00 p.m., a Traymark LLC Ford F-350 operated by Danny G. Stephens traveled left of the centerline of State Route 7 in

1

Independence Township, Washington County, Ohio, and hit, head on, the Buick Verano operated and occupied by Delaney B. Dominiak, causing her serious permanent injuries.

## PARTIES

1. Plaintiff Dominiak is a domiciliary and citizen of the State of Ohio.

2. Defendant Traymark LLC is a Virginia limited liability company headquartered in Roanoke, Virginia. According to its website (www.traymarkllc.com), Traymark LLC is an "energy production company" and "safety is our top priority" and that timely service "on time, every time" is a priority.

3. Defendant Stephens resides at 1360 Left Fork Bull Creek, Prestonburg, KY 41653.

## JURISDICTION and VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and because it is a matter between citizens of different states. Defendant Traymark LLC is a citizen of Virginia and Defendant Stephens is a citizen of Kentucky.

5. This Court has specific personal jurisdiction over Defendants pursuant to the personal jurisdiction jurisprudence of the United States Supreme Court, and the requirements of Civil Rule 4(k)(1)(A) and Ohio Revised Code § 2307.382 can be satisfied.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2) as this action arises from a motor vehicle collision occurring in Washington County, Ohio, which is located in the Eastern Division of the Southern District of Ohio.

## FIRST CAUSE OF ACTION
*Negligence of Danny G. Stephens*

7. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

8. Defendant Stephens was driving Defendant Traymark LLC's Ford F-350 erratically on November 27, 2020 on State Route 2 in Pleasants County, West Virginia at around 8:30 p.m. He was stopped by Lt. Jeremy Rhoades as a result of a 911 call but was then released without citation.

9. About thirty minutes later, Defendant Stephens was driving Defendant Traymark LLC's Ford F-350 recklessly as he traveled northbound on State Route 7 in Washington County, Ohio.

10. As Plaintiff Dominiak was driving her Buick Century southbound on State Route 7 in Washington County, Ohio, Defendant Stephens drove the F-350 across the centerline of Route 7 and entered her lane and hit her head-on, spinning her vehicle approximately one-hundred eighty-degrees and shoving it opposite its direction of travel one or more car lengths at which point Defendant Stephens then steered back over to the right side of the highway and stopped.

11. Plaintiff Dominiak was seriously injured as a result of the crash.

12. Defendant Stephens had a common law duty of reasonable care to drive his employer's pickup truck in a safe and reasonable manner, to obey all traffic laws, to not drive while distracted, to not drive while sleeping or fatigued, to identify other vehicles on the road, including the one in which Plaintiff Dominiak was riding, and to recognize her and stay out of her lane of travel.

13. Defendant Stephens had a statutory duty pursuant to RC § 4511.25(A) and 4511.33(A)(1) to drive in his lane and not cross the centerline into Plaintiff Dominiak's lane.

14. On November 27, 2020, Defendant Stephens failed in the above-mentioned duties and was therefore negligent and, with respect to the statutory duties, negligent *per se.*

15. Defendant Stephens' negligence was a direct and proximate cause of the damage to Plaintiff Dominiak's automobile and serious injuries she sustained in the crash.

16. As a direct and proximate cause of Defendant Stephens' negligence, Plaintiff Dominiak sustained serious injuries to her body, including, but not limited to her left lower ribs, left upper abdomen, left upper arm, hands, lungs, neck, eyes, nose, entire back, spleen (acute splenic laceration), and had to have a surgical splenectomy, and other injuries. She suffered shock to her nervous and physical systems, mental anguish, complete loss of a bodily organ system (spleen) and permanent scarring amounting to a permanent and substantial physical deformity. She endured conscious pain and suffering, and continues to suffer the

consequences of these injuries. Her ability to live free from pain and disability has been permanently impaired.

17. As a result of the loss of her spleen, Plaintiff Dominiak has a heightened risk of infection and her body will have more difficulty protecting itself from bacteria and viruses, which will increase her pain and suffering into the indefinite future and shorten her lifespan.

18. Plaintiff Dominiak states that as a direct and proximate result of Defendant Stephens' negligence, she has incurred hospital and medical expenses into the indefinite future to be proven at trial.

19. Plaintiff Dominiak further states that as a direct and proximate result of Defendant Stephens' negligence, she has suffered a wage loss, and vocational limitations, and may continue to do so in the future.

## SECOND CAUSE OF ACTION
*Vicarious Liability of Defendant Traymark LLC*

20. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

21. At all relevant times, Defendant Stephens was the employee, agent, and servant of Defendant Traymark LLC. Accordingly, Defendant Traymark LLC is vicariously liable for the injuries and damages directly and proximately caused by the negligent acts of Defendant Stephens described in the cause of action above.

## **THIRD CAUSE OF ACTION**
*Negligence of Defendant Traymark LLC*

22. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

23. Defendant Traymark LLC had a duty to act reasonably in hiring, instructing, training, supervising, assigning, dispatching, route-planning, and retaining all of its drivers, including Defendant Stephens, and to promulgate and enforce, safety management controls, policies, programs, practices, procedures, and rules to ensure that its drivers were reasonably safe and alert and fit to drive without incident.

24. Defendant Traymark LLC had a duty to prohibit its employees from operating company vehicles while exhausted, to prohibit operation with pets in them, and to prohibit operation with other distractions, such as, for example, hand-held cellphones.

25. Defendant Traymark LLC had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

26. Defendant Traymark LLC had a duty to exercise reasonable care in establishing and enforcing distracted driving rules and safeguards and to create a corporate culture that encourages safe driving practices.

27. Defendant Traymark LLC had a duty to exercise reasonable care not to overwork its drivers, like Defendant Stephens, to the point of fatigue and exhaustion.

28. Defendant Traymark LLC had a duty to exercise reasonable care in the implementation of its "on time, every time" policy so as to avoid fatigued driving and other unsafe driving practices.

29. Defendant Traymark LLC failed in the above-mentioned duties and was therefore negligent.

30. Defendant Traymark LLC's negligence was a direct and proximate cause of the damages and injuries to Plaintiff Dominiak described herein.

WHEREFORE, Plaintiff Dominiak respectfully requests judgment in her favor and against both Defendants, jointly and/or severally, in an amount that is just and fair and in excess of seventy-five thousand dollars, exclusive of costs and interest, in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

*/s/ Andrew R. Young*
Andrew R. Young (0071543)
D. J. Young, III (0071839)
Amy Papuga (0098669)
The Law Firm For Truck Safety LLP
31387 Lorain Road
Cleveland, Ohio 44070
(216) 961-3932
andy@truckaccidents.com
dj@truckaccidents.com
amy@truckaccidents.com

Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all triable issues.

*/s/ Andrew R. Young*
Andrew R. Young (0071543)
Attorney for Plaintiff
